# EXHIBIT "A"

Court of Common Pleas of Philadelphia County
Trial Division

# Civil Cover Sheet

| | For Prothonotary Use Only (Docket Number) |
|---|---|
| | **NOVEMBER 2023**    02271 |
| | E-Filing Number: 2311041000 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| VINCENT GRAHAM | P.F. CHANG'S |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| 2215 E. TIOGA STREET UNIT L103 PHILADELPHIA PA 19134 | 510 W. GERMANTOWN PIKE PLYMOUTH MEETING PA 19462 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| | P.F. CHANG'S CHINA BISTRO, INC. |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| | 8377 E. HARTFORD DRIVE,  SUITE 200 SCOTTSDALE AZ 85255 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| | PLYMOUTH GROUND ASSOCIATES, LP |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| | 2005 MARKET STREET SUITE 1000 PHILADELPHIA PA 19103 |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION | | |
|---|---|---|---|---|
| 1 | 5 | ☒ Complaint ☐ Writ of Summons | ☐ Petition Action ☐ Transfer From Other Jurisdictions | ☐ Notice of Appeal |

| AMOUNT IN CONTROVERSY | COURT PROGRAMS | | | |
|---|---|---|---|---|
| ☐ $50,000.00 or less ☒ More than $50,000.00 | ☐ Arbitration ☒ Jury ☐ Non-Jury ☐ Other: | ☐ Mass Tort ☐ Savings Action ☐ Petition | ☐ Commerce ☐ Minor Court Appeal ☐ Statutory Appeals | ☐ Settlement ☐ Minors ☐ W/D/Survival |

| CASE TYPE AND CODE |
|---|
| 2S - PREMISES LIABILITY, SLIP/FALL |

| STATUTORY BASIS FOR CAUSE OF ACTION |
|---|
| |

| RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER) | **FILED PRO PROTHY** NOV **17** 2023 C. SMITH | IS CASE SUBJECT TO COORDINATION ORDER?   YES      NO |
|---|---|---|

TO THE PROTHONOTARY:

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: <u>VINCENT GRAHAM</u>

Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY | ADDRESS |
|---|---|
| BENJAMIN C. HOFFMAN | 1617 JOHN F KENNEDY BLVD #355 PHILADELPHIA PA 19103 |

| PHONE NUMBER | FAX NUMBER | |
|---|---|---|
| (215)563-6333 | (267)386-9972 | |

| SUPREME COURT IDENTIFICATION NO. | E-MAIL ADDRESS |
|---|---|
| 311628 | bhoffman@clearfieldlawyers.com |

| SIGNATURE OF FILING ATTORNEY OR PARTY | DATE SUBMITTED |
|---|---|
| BENJAMIN HOFFMAN | Friday, November 17, 2023, 07:17 pm |

FINAL COPY (Approved by the Prothonotary Clerk)

**COMPLETE LIST OF DEFENDANTS:**

1. P.F. CHANG'S
   510 W. GERMANTOWN PIKE
   PLYMOUTH MEETING PA 19462
2. P.F. CHANG'S CHINA BISTRO, INC.
   8377 E. HARTFORD DRIVE,  SUITE 200
   SCOTTSDALE AZ 85255
3. PLYMOUTH GROUND ASSOCIATES, LP
   2005 MARKET STREET SUITE 1000
   PHILADELPHIA PA 19103
4. PENNSYLVANIA REAL ESTATE INVESTMENT TRUST
   2005 MARKET STREET SUITE 100
   PHILADELPHIA PA 19103
5. JOHN DOES 1-3
   ANY STREET
   ANY CITY PA 00000

THIS IS A MAJOR JURY MATTER

Filed and Attested by the
Office of Judicial Records
17 NOV 2023 07:17 pm
C. SMITH

**CLEARFIELD & KOFSKY**
BY: BENJAMIN C. HOFFMAN, ESQUIRE
Identification No. 311628
One Penn Center at Suburban Station
1617 John F. Kennedy Boulevard, Suite 355
Philadelphia, PA 19103
(215) 563-6333

Attorneys for Plaintiff

VINCENT GRAHAM
2215 E. Tioga Street, Unit L103
Philadelphia, PA 19134

v.

P.F. CHANG'S
510 W. Germantown Pike
Plymouth Meeting, PA 19462
        and
P.F. CHANG'S CHINA BISTRO, INC.
8377 E. Hartford Drive, Suite 200
Scottsdale, AZ 85255
        and
PLYMOUTH GROUND ASSOCIATES, LP
2005 Market Street, Suite 1000
Philadelphia, PA 19103
**Continued on next page**

:  COURT OF COMMON PLEAS
:  PHILADELPHIA COUNTY
:
:  NOVEMBER TERM 2023
:  NO.
:
:
:
:
:
:
:
:
:
:
:
:
:

## COMPLAINT IN CIVIL ACTION
### (Code #2S - Premises Liability - Slip and Fall)

**NOTICE**

"You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint of for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

"YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

PHILADELPHIA BAR ASSOCIATION
LAWYER REFERRAL & INFORMATION SERVICE
One Reading Center
Philadelphia, PA 19107
(215) 238-1701

**AVISO**

"Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las páginas siguientes, usted tiene veinte (20) días de plazo al partir de la fecha de la demanda y la notificación. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomará medidas y puede continuar la demanda en contra suya sin previo aviso o notificación. Además, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

"LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELE FONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.

ASOCIACION DE LICENDIADOS DE FILADELFIA
SERVICIO DE REFERENCIA E INFORMACION LEGAL
One Reading Center
Filadelfia, Penna. 19107
(215) 238-1701

Case ID: 231102271

PENNSYLVANIA REAL ESTATE        :
INVESTMENT TRUST                :
2005 Market Street-Suite 100    :
Philadelphia, PA 19103          :
    And     :
JOHN DOES 1-3                   :

## GENERAL AVERMENTS

1.    Plaintiff, Vincent Graham, is an adult individual, who resides at the above-captioned address.

2.    Defendant, P.F. Chang's, (hereinafter referred to as "Chang's") is a business, company, entity, partnership, franchise, fictitious name, proprietorship, or corporation existing and/or qualifying under the laws of the Commonwealth of Pennsylvania, with a registered office for the acceptance of service or a principal place of business at the address listed in the caption of this Complaint.

3.    Defendant, P.F. Chang's China Bistro, Inc., (hereinafter referred to as "Chang's Inc.") is a business, company, entity, partnership, franchise, fictitious name, proprietorship, or corporation existing and/or qualifying under the laws of the Commonwealth of Pennsylvania, with a registered office for the acceptance of service or a principal place of business at the address listed in the caption of this Complaint.

4.    Defendant, Plymouth Ground Associates LP (hereinafter referred to as "PGA LP") is a business, company, entity, partnership, franchise, fictitious name, proprietorship, or corporation existing and/or qualifying under the laws of the Commonwealth of Pennsylvania, with a registered office for the acceptance of service or a principal place of business at the address listed in the caption of this Complaint.

Case ID: 231102271

5.     Defendant, Pennsylvania Real Estate Investment Trust (hereinafter referred to as "Preit"), is a business, company, entity, partnership, franchise, fictitious name, proprietorship, or corporation existing and/or qualifying under the laws of the Commonwealth of Pennsylvania, with a registered office for the acceptance of service or a principal place of business at the address listed in the caption of this Complaint.

6.     Defendant, John Doe 1, a fictitious designation, is currently an unknown party.

7.     Upon information and belief, Defendant, John Doe 1, is that of a property manager.

8.     Upon information and belief, Defendant, John Doe 1, potentially had responsibility for maintaining the premises.

9.     The identity of Defendant, John Doe 1, is unknown after a reasonable search with due diligence.

10.    Defendant, John Doe 2, a fictitious designation, is currently an unknown party.

11.    Upon information and belief, Defendant, John Doe 2, is that of a contractor.

12.    Upon information and belief, Defendant, John Doe 2, potentially had responsibility for maintaining the premises.

13.    The identity of Defendant, John Doe 2, is unknown after a reasonable search with due diligence.

14.    Defendant, John Doe 2, a fictitious designation, is currently an unknown party.

15.    Upon information and belief, Defendant, John Doe 3, is that of a sub-contractor.

16.    Upon information and belief, Defendant, John Doe 3, potentially had responsibility for maintaining the premises.

-3-

17.   The identity of Defendant, John Doe 3, is unknown after a reasonable search with due diligence.

18.   At all times material hereto, Defendants acted or failed to act by and through their agents, servants, workmen and/or employees who were then and there acting within the scope of their authority and course of their employment with Defendants, in furtherance of Defendants' businesses and on behalf of Defendants.

19.   At all times material hereto, Defendants, Chang's and Chang's Inc did own, posses, and/or control the restaurant known as P.F. Chang's located at 510 W. Germantown Pike, Plymouth Meeting, Pennsylvania.

20.   At all times material hereto, Defendants, PGA LP and/or Preit did own, posses, and/or control the premises located at 510 W. Germantown Pike, Plymouth Meeting, Pennsylvania.

21.   On or about May 14, 2022, and for some time prior thereto, Defendants, acting by and through his agents, servants, workmen and/or employees, acting as aforesaid, carelessly and negligently allowed a dangerous and defective condition, to wit: a wet and/or slippery substance on the floor outside the bathroom was permitted to remain at the aforesaid location for an unreasonable period of time, which caused bodily injury to the plaintiff.

24.   On or about May 14, 2022, Plaintiff, Vincent Graham, was a business invitee at the premises at the aforesaid location.

25.   Said Defendants were responsible for the proper maintenance of the aforesaid premises and to keep said premises safe for business invitees.

26.   On or about May 14, 2022, while a business invitee of Defendants', Plaintiff, James Johnson, did suffer bodily injury by reason of coming in contact with the aforementioned

-4-

dangerous and defective condition at the aforesaid location, causing the injuries that form the basis for this action.

    27.    The aforesaid accident was due solely to the negligence and carelessness of the Defendants, acting as aforesaid, and was due in no manner whatsoever to any act or failure to act on the part of the Plaintiff.

## COUNT I
## PLAINTIFF, VINCENT GRAHAM v. DEFENDANTS, P.F. CHANG'S AND P.F. CHANG'S CHINA BISTRO INC., ONLY

    28.    Plaintiff, Vincent Graham, incorporates by reference hereto all of the allegations contained in the General Averments, as if they were set forth at length herein.

    29.    The negligence and carelessness of the Defendants, acting as aforesaid, consisted of the following:

        (a)    allowing and/or causing a dangerous and defective condition to exist on the floor at the aforesaid location, of which Defendants knew or should have known by the exercise of reasonable care;

        (b)    said dangerous condition created a reasonably foreseeable risk of the kind of injuries which Plaintiff sustained;

        (c)    Defendants knew or should have known of the existence of said dangerous condition;

        (d)    failing to give warning or notice of the defective condition;

        (e)    failing to inspect the floors at reasonable intervals to determine the condition thereof;

        (f)    failing to mop and/or remove the wet and/or slippery substance from the floor;

Case ID: 231102271

(g)    failing to place wet floor signs or other warning mechanisms to warn of a potential hazard;

(h)    failing to provide Plaintiff with a safe and adequate walkway;

(i)    allowing a wet and/or slippery substance to accumulate on the floor for an unreasonable length of time;

(j)    failing to place mats or other absorbent materials on the floor near the defective condition;

(k)    failing to hire and/or supervise competent contractors to provide proper maintenance on the premises;

(l)    negligence per se;

(m)    in being otherwise careless, and negligent, the particulars of which are presently unknown to Plaintiff, but which may be learned by discovery procedures provided by the Pennsylvania Rules of Civil Procedure or which may be learned at the trial of this case.

30.    As a result of this accident, Plaintiff, Vincent Graham, has suffered injuries including, but not limited to: medial meniscus tear, disc displacement, disc protrusion, disc bulge, cervical radiculopathy, lumbar radiculopathy, posttraumatic headaches, right knee sprain and strain, right ankle sprain and strain, posttraumatic cervical thoracic and lumbar sprain and strain right elbow strain and strain, right hip strain and sprain, right knee sprain and strain, as well as other injuries as may be diagnosed by Plaintiff's health care providers, all of which injuries have in the past, and may in the future, cause Plaintiff great pain and suffering.

31.    As a further result of this accident, Plaintiff, Vincent Graham, has been or will be required to receive and undergo medical attention and care and to expend various sums of money

Case ID: 231102271

and to incur various expenses, and may be required to continue to expend such sums or incur such expenditures for an indefinite time in the future.

32.   As a further result of this accident, Plaintiff, Vincent Graham, has or may hereafter suffer a severe loss of earnings and impairment of earning power and capacity.

33.   As a further result of this accident, Plaintiff, Vincent Graham, has suffered medically determinable physical and/or mental impairment, which that prevents the Plaintiff from performing all or substantially all of the material acts and duties that constituted the plaintiff's usual and customary activities prior to the accident.

34.   As a direct and reasonable result of the accident aforementioned, Plaintiff, Vincent Graham, has or may hereafter incur other financial expenses, which do or may exceed amounts which plaintiff may otherwise be entitled to recover.

35.   As a further result of the accident aforementioned, Plaintiff, Vincent Graham, has suffered severe physical pain, mental anguish and humiliation, and may continue to suffer same for an indefinite time in the future.

**WHEREFORE,** Plaintiff, Vincent Graham , demands judgment against the Defendants, jointly and/or severally, for damages, in an amount in excess of the arbitration limits, plus interest and costs.

## COUNT II
## PLAINTIFF, VINCENT GRAHAM v. DEFENDANTS, PGA LP AND PREIT

36.   Plaintiff, Vincent Graham, incorporates by reference hereto all of the allegations contained in the General Averments and Count I, as if they were set forth at length herein.

37.   The negligence and carelessness of the Defendants, acting as aforesaid, consisted of the following:

Case ID: 231102271

(a)    allowing and/or causing a dangerous and defective condition to exist on the floor at the aforesaid location, of which Defendants knew or should have known by the exercise of reasonable care;

(b)    said dangerous condition created a reasonably foreseeable risk of the kind of injuries which Plaintiff sustained;

(c)    Defendants knew or should have known of the existence of said dangerous condition;

(d)    failing to give warning or notice of the defective condition;

(e)    failing to inspect the floors at reasonable intervals to determine the condition thereof;

(f)    failing to mop and/or remove the wet and/or slippery substance from the floor;

(g)    failing to place wet floor signs or other warning mechanisms to warn of a potential hazard;

(h)    failing to provide Plaintiff with a safe and adequate walkway;

(i)    allowing a wet and/or slippery substance to accumulate on the floor for an unreasonable length of time;

(j)    failing to place mats or other absorbent materials on the floor near the defective condition;

(k)    failing to hire and/or supervise competent contractors to provide proper maintenance on the premises;

(l)    negligence per se;

Case ID: 231102271

(m)   in being otherwise careless, and  negligent, the particulars of which are presently unknown to Plaintiff, but which may be learned by discovery procedures provided by the Pennsylvania Rules of Civil Procedure or which may be learned at the trial of this case.

38.   As a result of this accident, Plaintiff, Vincent Graham, has suffered injuries including, but not limited to:  medial meniscus tear, disc displacement, disc protrusion, disc bulge, cervical radiculopathy, lumbar radiculopathy, posttraumatic headaches, right knee sprain and strain, right ankle sprain and strain, posttraumatic cervical thoracic and lumbar sprain and strain right elbow strain and strain, right hip strain and sprain, right knee sprain and strain, as well as other injuries as may be diagnosed by Plaintiff's health care providers, all of which injuries have in the past, and may in the future, cause Plaintiff great pain and suffering.

39.   As a further result of this accident, Plaintiff, Vincent Graham, has been or will be required to receive and undergo medical attention and care and to expend various sums of money and to incur various expenses, and may be required to continue to expend such sums or incur such expenditures for an indefinite time in the future.

40.   As a further result of this accident, Plaintiff, Vincent Graham, has or may hereafter suffer a severe loss of earnings and impairment of earning power and capacity.

41.   As a further result of this accident, Plaintiff, Vincent Graham, has suffered medically determinable physical and/or mental impairment, which that prevents the Plaintiff from performing all or substantially all of the material acts and duties that constituted the plaintiff's usual and customary activities prior to the accident.

Case ID: 231102271

42.    As a direct and reasonable result of the accident aforementioned, Plaintiff, Vincent Graham, has or may hereafter incur other financial expenses, which do or may exceed amounts which plaintiff may otherwise be entitled to recover.

43.    As a further result of the accident aforementioned, Plaintiff, Vincent Graham, has suffered severe physical pain, mental anguish and humiliation, and may continue to suffer same for an indefinite time in the future.

**WHEREFORE,** Plaintiff, Vincent Graham , demands judgment against the Defendants, jointly and/or severally, for damages, in an amount in excess of the arbitration limits, plus interest and costs.

## COUNT III
## PLAINTIFF, VINCENT GRAHAM v. DEFENDANT, JOHN DOE 1

44.    Plaintiff, Vincent Graham, incorporates by reference hereto all of the allegations contained in the General Averments and Counts I and II, as if they were set forth at length herein.

45.    The negligence and carelessness of the Defendants, acting as aforesaid, consisted of the following:

      (a)    allowing and/or causing a dangerous and defective condition to exist on the  floor at the aforesaid location, of which Defendants knew or should have known by the exercise of reasonable care;

      (b)    said dangerous condition created a reasonably foreseeable risk of the kind of injuries which Plaintiff sustained;

      (c)    Defendants knew or should have known of the existence of said dangerous condition;

      (d)    failing to give warning or notice of the defective condition;

Case ID: 231102271

(e)    failing to inspect the  floors at reasonable intervals to determine the condition thereof;

(f)    failing to mop and/or remove the wet and/or slippery substance from the floor;

(g)    failing to place wet floor signs or other warning mechanisms to warn of a potential hazard;

(h)    failing to provide Plaintiff with a safe and adequate walkway;

(i)    allowing a wet and/or slippery substance to accumulate on the  floor for an unreasonable length of time;

(j)    failing to place mats or other absorbent materials on the floor near the defective condition;

(k)    failing to hire and/or supervise competent contractors to provide proper maintenance on the premises;

(l)    negligence per se;

(m)    in being otherwise careless, and  negligent, the particulars of which are presently unknown to Plaintiff, but which may be learned by discovery procedures provided by the Pennsylvania Rules of Civil Procedure or which may be learned at the trial of this case.

46.    As a result of this accident, Plaintiff, Vincent Graham, has suffered injuries including, but not limited to:  medial meniscus tear, disc displacement, disc protrusion, disc bulge, cervical radiculopathy, lumbar radiculopathy, posttraumatic headaches, right knee sprain and strain, right ankle sprain and strain, posttraumatic cervical thoracic and lumbar sprain and strain right elbow strain and strain, right hip strain and sprain, right knee sprain and strain, as

-11-

well as other injuries as may be diagnosed by Plaintiff's health care providers, all of which injuries have in the past, and may in the future, cause Plaintiff great pain and suffering.

47.     As a further result of this accident, Plaintiff, Vincent Graham, has been or will be required to receive and undergo medical attention and care and to expend various sums of money and to incur various expenses, and may be required to continue to expend such sums or incur such expenditures for an indefinite time in the future.

48.     As a further result of this accident, Plaintiff, Vincent Graham, has or may hereafter suffer a severe loss of earnings and impairment of earning power and capacity.

49.     As a further result of this accident, Plaintiff, Vincent Graham, has suffered medically determinable physical and/or mental impairment, which that prevents the Plaintiff from performing all or substantially all of the material acts and duties that constituted the plaintiff's usual and customary activities prior to the accident.

50.     As a direct and reasonable result of the accident aforementioned, Plaintiff, Vincent Graham, has or may hereafter incur other financial expenses, which do or may exceed amounts which plaintiff may otherwise be entitled to recover.

51.     As a further result of the accident aforementioned, Plaintiff, Vincent Graham, has suffered severe physical pain, mental anguish and humiliation, and may continue to suffer same for an indefinite time in the future.

**WHEREFORE,** Plaintiff, Vincent Graham , demands judgment against the Defendants, jointly and/or severally, for damages, in an amount in excess of the arbitration limits, plus interest and costs.

Case ID: 231102271

## COUNT IV
## PLAINTIFF, VINCENT GRAHAM v. DEFENDANT, JOHN DOE 2

52.     Plaintiff, Vincent Graham, incorporates by reference hereto all of the allegations contained in the General Averments and Counts I through III, as if they were set forth at length herein.

53.     The negligence and carelessness of the Defendants, acting as aforesaid, consisted of the following:

(a)     allowing and/or causing a dangerous and defective condition to exist on the floor at the aforesaid location, of which Defendants knew or should have known by the exercise of reasonable care;

(b)     said dangerous condition created a reasonably foreseeable risk of the kind of injuries which Plaintiff sustained;

(c)     Defendants knew or should have known of the existence of said dangerous condition;

(d)     failing to give warning or notice of the defective condition;

(e)     failing to inspect the floors at reasonable intervals to determine the condition thereof;

(f)     failing to mop and/or remove the wet and/or slippery substance from the floor;

(g)     failing to place wet floor signs or other warning mechanisms to warn of a potential hazard;

(h)     failing to provide Plaintiff with a safe and adequate walkway;

(i)     allowing a wet and/or slippery substance to accumulate on the floor for an unreasonable length of time;

-13-

(j)     failing to place mats or other absorbent materials on the floor near the defective condition;

(k)     failing to hire and/or supervise competent contractors to provide proper maintenance on the premises;

(l)     negligence per se;

(m)     in being otherwise careless, and  negligent, the particulars of which are presently unknown to Plaintiff, but which may be learned by discovery procedures provided by the Pennsylvania Rules of Civil Procedure or which may be learned at the trial of this case.

54.     As a result of this accident, Plaintiff, Vincent Graham, has suffered injuries including, but not limited to:  medial meniscus tear, disc displacement, disc protrusion, disc bulge, cervical radiculopathy, lumbar radiculopathy, posttraumatic headaches, right knee sprain and strain, right ankle sprain and strain, posttraumatic cervical thoracic and lumbar sprain and strain right elbow strain and strain, right hip strain and sprain, right knee sprain and strain, as well as other injuries as may be diagnosed by Plaintiff's health care providers, all of which injuries have in the past, and may in the future, cause Plaintiff great pain and suffering.

55.     As a further result of this accident, Plaintiff, Vincent Graham, has been or will be required to receive and undergo medical attention and care and to expend various sums of money and to incur various expenses, and may be required to continue to expend such sums or incur such expenditures for an indefinite time in the future.

56.     As a further result of this accident, Plaintiff, Vincent Graham, has or may hereafter suffer a severe loss of earnings and impairment of earning power and capacity.

-14-

57.    As a further result of this accident, Plaintiff, Vincent Graham, has suffered medically determinable physical and/or mental impairment, which that prevents the Plaintiff from performing all or substantially all of the material acts and duties that constituted the plaintiff's usual and customary activities prior to the accident.

58.    As a direct and reasonable result of the accident aforementioned, Plaintiff, Vincent Graham, has or may hereafter incur other financial expenses, which do or may exceed amounts which plaintiff may otherwise be entitled to recover.

59.    As a further result of the accident aforementioned, Plaintiff, Vincent Graham, has suffered severe physical pain, mental anguish and humiliation, and may continue to suffer same for an indefinite time in the future.

**WHEREFORE,** Plaintiff, Vincent Graham , demands judgment against the Defendants, jointly and/or severally, for damages, in an amount in excess of the arbitration limits, plus interest and costs.

### COUNT V
### PLAINTIFF, VINCENT GRAHAM v. DEFENDANT, JOHN DOE 3

60.    Plaintiff, James Johnson, incorporates by reference hereto all of the allegations contained in the General Averments and Counts I through IV, as if they were set forth at length herein.

61.    The negligence and carelessness of the Defendants, acting as aforesaid, consisted of the following:

(a)    allowing and/or causing a dangerous and defective condition to exist on the  floor at the aforesaid location, of which Defendants knew or should have known by the exercise of reasonable care;

-15-

Case ID: 231102271

(b)     said dangerous condition created a reasonably foreseeable risk of the kind of injuries which Plaintiff sustained;

(c)     Defendants knew or should have known of the existence of said dangerous condition;

(d)     failing to give warning or notice of the defective condition;

(e)     failing to inspect the  floors at reasonable intervals to determine the condition thereof;

(f)     failing to mop and/or remove the wet and/or slippery substance from the floor;

(g)     failing to place wet floor signs or other warning mechanisms to warn of a potential hazard;

(h)     failing to provide Plaintiff with a safe and adequate walkway;

(i)     allowing a wet and/or slippery substance to accumulate on the  floor for an unreasonable length of time;

(j)     failing to place mats or other absorbent materials on the floor near the defective condition;

(k)      failing to hire and/or supervise competent contractors to provide proper maintenance on the premises;

(l)     negligence per se;

(m)     in being otherwise careless, and  negligent, the particulars of which are presently unknown to Plaintiff, but which may be learned by discovery procedures provided by the Pennsylvania Rules of Civil Procedure or which may be learned at the trial of this case.

-16-

62.   As a result of this accident, Plaintiff, Vincent Graham, has suffered injuries including, but not limited to:  medial meniscus tear, disc displacement, disc protrusion, disc bulge, cervical radiculopathy, lumbar radiculopathy, posttraumatic headaches, right knee sprain and strain, right ankle sprain and strain, posttraumatic cervical thoracic and lumbar sprain and strain right elbow strain and strain, right hip strain and sprain, right knee sprain and strain, as well as other injuries as may be diagnosed by Plaintiff's health care providers, all of which injuries have in the past, and may in the future, cause Plaintiff great pain and suffering.

63.   As a further result of this accident, Plaintiff, Vincent Graham, has been or will be required to receive and undergo medical attention and care and to expend various sums of money and to incur various expenses, and may be required to continue to expend such sums or incur such expenditures for an indefinite time in the future.

64.   As a further result of this accident, Plaintiff, Vincent Graham, has or may hereafter suffer a severe loss of earnings and impairment of earning power and capacity.

65.   As a further result of this accident, Plaintiff, Vincent Graham, has suffered medically determinable physical and/or mental impairment, which that prevents the Plaintiff from performing all or substantially all of the material acts and duties that constituted the plaintiff's usual and customary activities prior to the accident.

66.   As a direct and reasonable result of the accident aforementioned, Plaintiff, Vincent Graham, has or may hereafter incur other financial expenses, which do or may exceed amounts which plaintiff may otherwise be entitled to recover.

67.   As a further result of the accident aforementioned, Plaintiff, Vincent Graham, has suffered severe physical pain, mental anguish and humiliation, and may continue to suffer same for an indefinite time in the future.

**WHEREFORE,** Plaintiff, Vincent Graham , demands judgment against the Defendants, jointly and/or severally, for damages, in an amount in excess of the arbitration limits, plus interest and costs.

CLEARFIELD & KOFSKY

BY:

BENJAMIN C. HOFFMAN, ESQUIRE
Attorney for Plaintiff, Vincent Graham

-18-

Case ID: 231102271

## VERIFICATION

I, _Vincent   Graham_____ hereby verify that I am the
_____Plaintiff_____ in the attached ___Complaint____, and
that the facts set forth herein are true and correct to the best of my knowledge,
information and belief.  I understand that false statements made herein are subject
to the penalties of the 18 PA C.S. §4904, relating to unsworn falsification to
authorities.

NAME X_____

ADDRESS _____

DATE _____

Case ID: 231102271